Zhang v. Garland

BIA
Hom, IJ
A205 883 284/285

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of August, two thousand twenty-two.

**PRESENT:**
> **JON O. NEWMAN,**
> **JOSEPH F. BIANCO,**
> **MYRNA PÉREZ,**
> *Circuit Judges.*

_____

**YAN ZHANG, HUI ZHAO,**
> *Petitioners,*

> **v.**                                        **19-4294**
>                                                **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONERS:**          Richard Tarzia, Esq., Belle Mead, NJ.

**FOR RESPONDENT:**          Jeffrey Bossert Clark, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Stephen Finn, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Yan Zhang and Hui Zhao, natives and citizens of the People's Republic of China, seek review of a December 2, 2019 decision of the BIA affirming a March 5, 2018 decision of an Immigration Judge ("IJ"), which denied their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Yan Zhang, Hui Zhao,* Nos. A205 883 284/285 (B.I.A. Dec. 2, 2019), *aff'g* Nos. A205 883 284/285 (Immigr. Ct. N.Y.C. Mar. 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review both the IJ's and the BIA's decisions. *See Likai Gao v. Barr*, 968 F.3d 137, 144 (2d Cir. 2020). We review factual findings for substantial evidence and questions of law and the application of law to undisputed facts *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Zhang and Zhao began practicing Christianity in the United States and alleged a fear of persecution in China as Christians. To establish a well-founded fear of future persecution, they were required to show they would be "singled out individually for persecution" based on their religion or that there was a "pattern or practice" of persecution of similarly situated Christians in China. 8 C.F.R. § 1208.13(b)(2); *Jian Liang v. Garland*, 10 F.4th 106, 117 (2d Cir. 2021). "[T]o establish eligibility for relief based exclusively on activities undertaken after . . . arrival in the United States," applicants must demonstrate that "authorities in [their] country of nationality are (1) aware of [their] activities or (2) likely to become aware of [their] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008) (per curiam). "The appropriate burden of proof varies according to the type of relief sought: an applicant must show a clear probability in the withholding context, and only a reasonable possibility in the asylum

3

context." *Id.* at 143 (quotation marks omitted). Here, the agency reasonably concluded that the petitioners did not establish a well-founded fear of persecution.

The petitioners did not establish that they would be singled out for persecution because they did not allege that Chinese authorities were aware of their religious practice in the United States, and they did not demonstrate a reasonable possibility that Chinese authorities would become aware of their religious activities. *See id.; see also Jian Liang*, 10 F.4th at 117.[1] Zhang testified that she and her husband were not church leaders, and she did not engage in religious activities besides attending church and speaking about her faith to friends and family. This record does not demonstrate that they might be singled out for persecution.

The petitioners also did not meet their burden to

---

[1] The petitioners' argument that the IJ applied an incorrect standard from *Hongsheng Leng* is without merit. *Hongsheng Leng*'s requirement that petitioners make "some showing that authorities in [their] country of nationality are either aware of . . . or likely to become aware of [their] activities" applies to both asylum and withholding claims, though for asylum claims the burden of proof is only a "reasonable possibility." *Hongsheng Leng*, 528 F.3d at 143; *see* 8 C.F.R. § 1208.13(b). The IJ's decision cited the reasonable possibility standard.

establish a pattern or practice of persecution of similarly situated Christians. *See Jian Liang*, 10 F.4th at 117 (holding that petitioner failed to meet his burden where State Department reports established that "treatment of Christians in China varies by locality" and none of petitioner's evidence showed persecution occurring in his home province). Zhang and Zhao asserted a fear of persecution based on the general lack of religious freedom in China and the government's treatment of Christians who attend unregistered churches, like their two friends who submitted letters. Zhang testified inconsistently regarding whether she would attend a registered or unregistered church. However, even assuming the petitioners would attend an unregistered church in their home city of Fuzhou, Fujian Province, their friends' letters did not state what kind of Christianity they practiced, demonstrate the frequency of arrests of practitioners, or establish that a person practicing the petitioners' Methodist faith in Fujian would experience similar treatment. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 155–56, 165 (2d Cir. 2008) (concluding that "unattributed reports" or persecution of "unspecified number" of people was insufficient to show a

5

"reasonable possibility" of persecution).

The news reports and country conditions evidence in the record includes only one reference to a possible incident of persecution in Fujian Province where the government banned a Christian church. The State Department's 2016 report on religious freedom in China reflects that the Chinese government has abused, imprisoned, and physically harmed some Christians for practicing their religion, but also that restrictions varied by locality and "in some areas, members of unregistered churches said that they had more freedom than in the past to conduct religious services, as long as they gathered only in private and kept congregation numbers low." Cert. Admin. Record at 746.

Given the lack of evidence specific to Fujian Province and the varying treatment of Christians, the agency reasonably concluded that the petitioners failed to establish a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(2); *Jian Liang*, 10 F.4th at 117. That determination is dispositive of asylum, withholding of removal, and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010) (failure to show fear of persecution

6

required for asylum "necessarily" precludes meeting higher burden for withholding of removal and CAT relief).[2]

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[2]  The CAT claim is also unexhausted and waived because the petitioners did not discuss it in their briefs to the BIA and do not argue it here.  *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir. 2006); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).